# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ANTONIO CABANILLAS-GARCIA,<br><br>                    Defendant-Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Plaintiff-Respondent. | Civil Case No. 12-cv-2630-BTM<br>Crim. Case No. 11-cr-4096-BTM<br><br>**ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

Martin Antonio Canabillas-Garcia ("Defendant"), a federal inmate proceeding pro se, has filed a motion for sentence reduction pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Defendant's § 2255 motion and a certificate of appealability are **DENIED**.

## I. BACKGROUND

On September 14, 2011, a grand jury indicted Defendant with a charge of violating 21 U.S.C. §§ 952, 960, importation of methamphetamine. On May 24, 2012, Defendant pled guilty pursuant to a Plea Agreement. (Plea Agreement, ECF No. 34.) In the Plea Agreement, Defendant acknowledged that the crime to which he pled guilty carried a mandatory minimum of ten years in prison. (Id. at 3.) Defendant also stipulated to an order of removal from the United States upon serving his imposed sentence and waived his right

to appeal or collaterally attack his sentence. (Id. at 9, 12.)

At sentencing, counsel for Defendant calculated a sentencing guideline range of 57 to 71 months and recommended 30 months in custody and 3 years of supervised release. (Def.'s Sentencing Chart, Sept. 28, 2012, ECF No. 39.) The Government also calculated a sentencing guideline range of 57 to 71 months and recommended 57 months in custody. (Gov't Sentencing Chart, Oct. 3, 2012, ECF No. 40.) On October 5, 2012, the Court sentenced Defendant to a 41-month term of imprisonment and 3-year supervised release term. (ECF No. 42.)

## II. **DISCUSSION**

Defendant argues for a sentence reduction based on the fact that as a deportable alien, he is ineligible for (1) housing in a minimum security facility or community confinement or (2) a one-year sentence reduction through a drug program and/or early release to a halfway house. Defendant further contends that his ineligibility for these programs violates due process, equal protection, and the Equal Rights Act.

Defendant's motion, however, fails for two reasons. First, Defendant waived his right to collaterally attack his sentence under the Plea Agreement. Second, even assuming Defendant did not waive his right to attack his sentence, his due process, equal protection, and Equal Rights Act claims fail on the merits.

A.    Waiver

Defendant argues for a sentence reduction, but Defendant waived his right to collaterally attack his sentence. "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) (citing United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005)). The Ninth Circuit has also recognized that a waiver barring collateral attack of a conviction or sentence is enforceable when voluntarily made. See

United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Here, Defendant entered a Plea Agreement, filed on May 24, 2012, that expressly

waived his right to collaterally attack his sentence:

> Defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the greater of: the high end of the guideline range calculated by the Government pursuant to this plea agreement, or the statutory mandatory minimum term.

(Plea Agreement 10.) Defendant has not alleged a claim of ineffective assistance of

counsel. Additionally, the Court imposed a sentence of 41 months, which is less than

both the Government's calculated guideline range of 57 to 71 months and the statutory

mandatory minimum term of 10 years imprisonment. Thus, the language of the waiver

encompasses the grounds raised in the instant motion. Further, Defendant has not

alleged, and there is nothing in the record to indicate, that his waiver was not knowingly

and voluntarily made.

Accordingly, Defendant waived his right to collaterally attack his sentence, and

therefore the Court denies Defendant's motion.


B.      Merits

Even assuming Defendant did not waive his right to collaterally attack his

sentence, his due process, equal protection, and Equal Rights Act claims fail on the

merits.


1.      Due Process

Defendant has not stated a claim for a due process violation. "A due process

claim is cognizable only if there is a recognized liberty or property interest at stake."

Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995). The Ninth Circuit, however,

has held that a prisoner does not have a recognized liberty interest in sentence reduction.

See Jacks v. Crabtree, 114 F.3d 983, 986 n.4 (9th Cir. 1997) ("[D]enial of the one year

1  reduction doesn't impose atypical and significant hardship on the inmate in relation to the

2  ordinary incidents of prison life.  In fact, denial merely means that the inmate will have to

3  serve out his sentence as expected.") (internal citations and quotation marks omitted).

4  Accordingly, Defendant's due process claim fails.

5

6      2.      Equal Protection

7      Defendant also has not stated an equal protection claim.  The Equal Protection

8  Clause applies to aliens who are present in the United States unlawfully.  Plyler v. Doe,

9  457 U.S. 202, 210 (1982).  To state a claim for an equal protection violation, however,

10  Defendant must allege that he was treated differently from other similarly situated

11  persons.  See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

12  Unless a suspect classification is present, the unequal treatment must only be "rationally

13  related to a legitimate state interest."  Id. at 440.  Illegal alienage is not a suspect

14  classification, Plyler, 457 U.S. at 223, and therefore rational basis scrutiny applies, which

15  "accords a strong presumption of validity."  McLean v. Crabtree, 173 F.3d 1176, 1186

16  (9th Cir. 1999) cert. denied, 528 U.S. 1086 (2000).

17      The policy of excluding deportable aliens from participating in community-based

18  treatment programs, and consequently from being eligible for sentence reductions upon

19  completion of the programs, survives rational basis scrutiny.  See McLean, 173 F.3d at

20  1186 (holding that "excluding prisoners with [Immigration and Naturalization] detainers

21  from participating in community-based treatment programs, and consequently from

22  sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest

23  in preventing prisoners from fleeing detainers while participating in community treatment

24  programs").  Deportable aliens "pose a flight risk during the community-based treatment

25  phase because they are subject to possible deportation upon release from custody, and

26  therefore have reason to flee a halfway house."  Id. at 1184.  Prisoners without detainers,

27  such as United States citizens, however, "have more incentive to complete the

28  community requirement because upon its completion they will likely qualify for sentence

4                    12cv2630-BTM; 11cr4096-BTM

reduction and be permitted to rejoin their communities." See id. at 1184. Thus,

deportable aliens are not "similarly situated" to United States citizens regarding eligibility

for community-based or early release programs. See, e.g., Patterson-Romo v. United

States, No. 10cr3119, 2012 WL 4754962, at *2 (S.D. Cal. June 7, 2012); United States v.

Roman-Gutierrez, No. 12cr1422, 2012 WL 4754962, at *2 (S.D. Cal. Oct. 4, 2012);

United States v. Nguyen, No. 97cr152-05, 2000 WL 1133055 (D. Or. Aug. 10, 2000) ("the

Ninth Circuit has unequivocally held that the denial of such benefits to deportable aliens

pursuant to immigration detainers does not violate the Constitution"); Santos v. United

States, 940 F. Supp. 275, 281 (D. Haw. 1996) ("one's status as a deportable alien, which

may result in ineligibility for less restrictive terms of confinement, nevertheless cannot

justify a downward departure"). Therefore, there is no equal protection violation, and

Defendant's claim fails on the merits.


     3.    Equal Rights Act

     Defendant also argues that his ineligibility violates the "Equal Rights Act" because

no person shall be discriminated based on nationality. Defendant is essentially claiming

that he is treated differently based on his status as an alien. Defendant's equal

protection claim, addressed above, encompasses this claim. Accordingly, the result is

the same, and this claim also fails on the merits.

//

//

//

//

//

//

//

//

//

12cv2630-BTM; 11cr4096-BTM

### III. CONCLUSION

Defendant's collateral attack of his sentence is barred by a valid waiver. Further, Defendant's due process, equal protection, and Equal Rights Act claims fail on the merits. The Court therefore **DENIES** Defendant's motion for sentence reduction under 28 U.S.C. § 2255 and **DENIES** a certificate of appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: November 26, 2012

**HONORABLE BARRY TED MOSKOWITZ**

United States District Judge

12cv2630-BTM; 11cr4096-BTM